# EXHIBIT I

CCPR/C/RWA/CO/3

**ADVANCED UNEDITED VERSION**  31 March 2009
English
Original: French

**Human Rights Committee**
Ninety-fifth session
New York, 15 March-3 April 2009

Comment [Start1]: <<ODS JOB NO>>N0928113E<<ODS JOB NO>> <<ODS DOC SYMBOL1>>CCPR/C/RWA/CO/3/CRP.1<<ODS DOC SYMBOL1>> <<ODS DOC SYMBOL2>><<ODS DOC SYMBOL2>>

### Consideration of reports submitted by States parties under article 40 of the Covenant

### Concluding observations of the Human Rights Committee

### Rwanda

1. The Human Rights Committee considered the third periodic report of Rwanda (CCPR/C/RWA/3) at its 2602nd, 2603rd and 2604th meetings, on 18 and 19 March 2009 (CCPR/C/SR.2602, 2603 and 2604). It adopted the following concluding observations at its 2618th meeting (CCPR/C/SR.2618), on 30 March 2009.

#### A. Introduction

2. The Committee welcomes the submission of the third periodic report of Rwanda and the opportunity thus afforded for it to resume its dialogue with the State party, while regretting that the report was submitted more than 15 years late. The Committee invites the State party to respect the schedule it has established for the submission of reports. It is grateful for the information provided by the State party on its legislation, including in its written replies to the list of issues.

3. The Committee notes that the State party is still in a period of reconstruction following the genocide and accompanying tragic events of 1994 and, while acknowledging the progress achieved, expresses its concern about the instability of the current situation in regard to reconciliation within Rwandan society.

#### B. Positive aspects

4. The Committee notes the efforts made by the State party to advance reconciliation within the society and establish the rule of law in Rwanda, particularly its adoption of a new Constitution in 2003.

09-28113 (E)    270309    270309
*0928113*

CCPR/C/RWA/CO/3/CRP.1

5. The Committee welcomes the abolition of the death penalty in the State party and its ratification of the Second Optional Protocol to the Covenant.

6. The Committee welcomes the progress made in implementing article 3 of the Covenant, particularly in respect of the representation of women in Parliament and the invocation of this article by the Supreme Court. The Committee calls on the State party to redouble its efforts to further promote the participation of women in public life and in the private sector.

## C. Principal subjects of concern and recommendations

7. The Committee regrets that the report of the State party and its written replies to the list of issues transmitted to it do not contain detailed factual information or statistics that would enable it to assess how far the rights set out in the Covenant are respected in the State party. The Committee considers such data to be essential for monitoring implementation of the Covenant.

> **The State party should provide fuller information, including through relevant statistics, regarding the implementation of its laws and administrative provisions in the various fields covered by the Covenant.**

8. The Committee notes with appreciation that, according to the report of the State party, the Covenant takes precedence over domestic law and can be invoked before the domestic courts. The Committee notes, however, that the Covenant is not made sufficiently well known for it to be regularly invoked before the courts and authorities of the State (art. 2 of the Covenant).

> **The State party should take steps to make the Covenant known to all the population and mainly to judges and law enforcement officials. The State party should include in its next periodic report detailed examples of the application of the Covenant by the domestic courts.**

9. While noting that equality between men and women is enshrined in the Constitution of Rwanda, the Committee expresses concern that discrimination against women exists in several fields, particularly under the Civil Code and the Family Code, which recognizes the husband to be the head of the conjugal community (arts. 3 and 26 of the Covenant).

> **In the context of the reform of the Civil Code and the Family Code, the State party should take measures to remove provisions that place women in a situation of inferiority.**

10. The Committee notes that the number of girls entering secondary and higher education is less than the number of boys, particularly due to the persistence of traditional attitudes relating to the role of women in society (arts. 3 and 26 of the Covenant).

> **The State party should redouble its efforts to extend to girls and boys the same guarantees for access to all forms and levels of education. The State party should also take steps to raise the awareness of families in that regard.**

11. The Committee expresses concern about reports of domestic violence in the country and the inadequacy of the measures taken by the public authorities in that

CCPR/C/RWA/CO/3/CRP.1

regard, particularly in relation to criminal proceedings and the care of victims (arts. 3 and 7 of the Covenant).

> The State party should initiate a policy of prosecution and punishment of such violence, in particular by providing the police with clear guidelines to that end. The State party should also develop appropriate legal instruments and step up its efforts to raise the awareness of the police and of the population at large in order to combat this phenomenon.

12. The Committee expresses concern about reported cases of enforced disappearances and summary or arbitrary executions in Rwanda and about the impunity apparently enjoyed by the police forces responsible for such violations. The Committee is concerned about the lack of information from the State party regarding the disappearance of Mr. Augustin Cyiza, former president of the Court of Cassation, and Mr. Leonard Hitimana, a parliamentarian belonging to the MDR party (arts. 6, 7 and 9 of the Covenant).

> The State party should ensure that all allegations of such violations are investigated by an independent authority and that those responsible for such acts are prosecuted and duly punished. The victims or their families should have an effective remedy, including compensation, in accordance with article 2 of the Covenant.

13. The Committee remains concerned about the numerous cases of persons, including women and children, reported to have been killed during and in the wake of the 1994 uprising in the course of operations by the Rwandan Patriotic Army, and about the limited number of cases reported to have resulted in prosecution and punishment by the Rwandan courts (art. 6 of the Covenant).

> The State party should take steps to ensure that such acts are investigated by an independent authority and that those responsible are prosecuted and duly punished.

14. While welcoming the abolition of the death penalty in 2007, the Committee notes with concern that it has been replaced at present by life imprisonment in solitary confinement, which is a treatment contrary to article 7 of the Covenant.

> The State party should put an end to the sentence of solitary confinement and ensure that persons sentenced to life imprisonment benefit from the safeguards of the United Nations Standard Minimum Rules for the Treatment of Prisoners.

15. The Committee remains concerned about reports of deplorable conditions in some prisons, particularly as regards health conditions, access to health care and food. It is also concerned about the fact that there appears to be no guarantee of a separation between detained children and adults or between accused and convicted persons (art. 10 of the Covenant).

> The State party should, as a matter of urgency, adopt effective measures against overcrowding in detention centres and ensure conditions of detention that respect the dignity of prisoners, in accordance with article 10 of the Covenant. It should put in place a system to segregate accused persons from convicted persons and minors from other prisoners. The State party should, in particular, take steps to ensure that all the

CCPR/C/RWA/CO/3/CRP.1

> United Nations Standard Minimum Rules for the Treatment of Prisoners are respected.

16. The Committee is concerned about reports that the Kigali authorities often arrest persons belonging to vulnerable groups, such as street children, beggars and sex workers, on the grounds of vagrancy. Such persons are reported to be held in detention without any charges being brought against them and in precarious material conditions (art. 9 of the Covenant).

> **The State party should take steps to ensure that no one is detained arbitrarily, in particular for reasons essentially of poverty, and that the offence of vagrancy is eliminated from the penal code.**

17. While acknowledging the serious problems faced by the State party, the Committee notes with concern that the *Gacaca* system of justice does not operate in accordance with the basic rules pertaining to the right to a fair trial, particularly with regard to the impartiality of judges and protection of the rights of the accused. The lack of legal training of judges and reports of corruption continue to be causes of concern to the Committee, as do exercise of the rights of defence and respect for the principle of equality of arms, in particular in cases where sentences of up to 30 years' imprisonment are handed down (art. 14 of the Covenant).

> **The State party should see to it that all tribunals and courts in the country operate in accordance with the principles set out in article 14 of the Covenant and paragraph 24 of the Committee's General Comment No. 32. According to that General Comment, courts based on customary law cannot hand down binding judgments recognized by the State, unless the following requirements are met: proceedings are limited to minor civil and criminal matters, meet the basic requirements of fair trial and other relevant guarantees of the Covenant. The judgments of such courts must be validated by State courts in the light of the guarantees set out in the Covenant and may, where necessary, be challenged by the parties concerned in a procedure meeting the requirements of article 14 of the Covenant. These principles are notwithstanding the general obligation of the State to protect the rights under the Covenant of any person affected by the operation of customary courts.**

18. The Committee is concerned about the very limited number of lawyers in the country who provide legal assistance to detained persons regarded as very poor (art. 14 of the Covenant).

> **The State party should take steps to ensure free legal assistance for those who do not have the means to pay for the assistance of a defence lawyer, in accordance with article 14, paragraph 3 (d), of the Covenant.**

19. While noting the fact that same sex sexual relations of consenting adults are not criminalized, the Committee is concerned at legislation proposals to reverse that situation. (arts. 17 and 26 of the Covenant).

> **The State party should ensure that criminal law reforms are in full conformity with articles 17 and 26 of the Covenant.**

20. While taking note of the State party's explanations with regard to the role of the press in the 1994 events, the Committee notes with concern reports that journalists who have criticized the Government are currently subjected to

CCPR/C/RWA/CO/3/CRP.1

intimidation or to acts of aggression by authorities of the State party and that some have been charged with "divisionism". International press agencies are reported to be under threat of losing their licences by employing certain journalists (art. 19 of the Covenant).

> The State party should guarantee freedom of expression for the press and the media, as well as for all citizens. It should make sure that any restriction on the exercise of their activities is compatible with the provisions of article 19, paragraph 3, of the Covenant and cease to punish so-called acts of "divisionism". The State party should also undertake investigations into the above-mentioned acts of intimidation or aggression and punish their perpetrators.

21. The Committee finds cause for concern in the reported obstacles to the registration and freedom of action of non-governmental human rights organizations and opposition political parties (arts. 19, 22, 25 and 26 of the Covenant).

> The State party should take the necessary steps to enable national non-governmental human rights organizations to operate without hindrance. It should treat all political parties on an equal footing and offer them equal opportunities to pursue their legitimate activities, in accordance with the provisions of articles 25 and 26 of the Covenant.

22. Notwithstanding the information provided by the State party, the Committee is concerned about the non-recognition of the existence of minorities and indigenous peoples in the country, as well as reports that members of the Batwa community are victims of marginalization and discrimination (art. 27 of the Covenant).

> The State party should take steps to ensure that members of the Batwa community are protected against discrimination in every field, that they are provided with effective remedies in that regard and that they take part in public affairs.

23. The State party should widely disseminate the text of the third periodic report, the written responses it has provided to the list of issues drawn up by the Committee and the present concluding observations, in particular by publishing them on the Government's website and placing copies in all public libraries.

24. In accordance with rule 71, paragraph 5, of the Committee's rules of procedure, the State party should provide, within one year, information on the follow-up action it has taken on the recommendations contained in paragraphs 12, 13, 14, and 17.

25. The Committee requests the State party to include in its fourth periodic report, due to be submitted by 10 April 2013, specific, up-to-date information on all its recommendations and on the Covenant as a whole. The Committee also requests the State party, when preparing the fourth periodic report, to consult civil society and non-governmental organizations operating in the country.